## Case No. 13,097.

### SMITH et al. v. REYNOLDS et al.

[10 Blatchf. 85; 3 O. G. 213; Cox. Manual Trade-Mark Cas. 225; 6 Am. Law T. 38.] [1]

Circuit Court, S. D. New York. June 20, 1872.

TRADE-MARK — DECLARATION UNDER OATH — CERTIFICATE BY COMMISSIONER OF PATENTS.

Section 77 of the act of July 8th, 1870 (16 Stat. 210), provides. as a requirement for obtaining a trade-mark, the filing, in the patent office, of a declaration, under oath, as to the right to the trade-mark. A certificate by the commissioner of patents, of the deposit, for registration, of a trade-mark, of which a copy is given, and of the filing of a statement, of which a copy is annexed to the certificate, (but which statement does not contain any such declaration,) and that the party depositing the trademark has otherwise complied with the act, and that the trade-mark has been registered and recorded, and will remain in force for a period named in the certificate, is not evidence of the filing of such declaration.

[2] [This was a motion for an injunction in a suit brought by J. Lee Smith & Co. against Robert Reynolds and Samuel Jacobs, doing business as Reynolds & Jacobs, to restrain the defendants from the further alleged infringement of a trade-mark, which the complainants claimed to have registered in accordance with the provisions of the act of congress of July 8, 1870. The only question that appears to have been considered upon the hearing of the motion was the sufficiency of the complainants' proofs as to the regularity of the registration upon which they relied. For proof upon this point they produced a certificate signed by the commissioner of patents, and under the seal of the patent office, said certificate being to this effect, viz., that "J. Lee Smith & Co., of New York, did, on the 30th day of December, 1870, deposit in the United States patent office, for registration, a certain trade-mark for paints, whereof a copy is hereto annexed; that they filed therewith the annexed statement; and having paid into the treasury of the United States the sum of twenty-five dollars, and otherwise complied with the act of congress in such case made and provided, the said trade-mark has been duly registered and recorded in the said patent office, and will remain in force for thirty years from the twenty-first day of February, one thousand eight hundred and seventy-one."

[The statement accompanying this certificate was as follows: "To all whom it may concern: Be it known that we, J. Lee Smith & Co., of the city of New York, of the county and state of New York, use a trade-mark for paints, of which the following, together with a fac-simile hereto attached, is a correct description. The said trade-mark consists of the illustration of a crown, as is clearly shown in the fac-simile. It is applied as a brand, by stencil-plate or die, to the casks, cases, or vessels containing the said paint, printed upon labels or wrappers which are applied to said cases or vessels, or upon the business cards, notices, or placards advertising the paints to the public."] [2]

John Hough, for plaintiffs.
Frederic S. Blount, for defendants.

BLATCHFORD, District Judge. This bill is founded on a statutory right to a trademark, claimed under the provisions of sections 77 to 84 of the act of July 8th, 1870 (16 Stat. 210–212). Section 77 provides, that any firm domiciled in the United States, "and who are entitled to the exclusive use of any lawful trade-mark, or who intend to adopt and use any trade-mark for exclusive use within the United States, may obtain protection for such lawful trade-mark, by complying with the following requirements." One of those requirements is, "the filing," in the patent office, "of a declaration, under the oath of * * * some member of the firm, to the effect, that the party claiming protection for the trade-mark has a right to the use of the same, and that no other person, firm or corporation has the right to such use, either in the identical form, or having such near resemblance thereto as might be calculated to deceive, and that the description and fac-similes presented for record are true copies of the trade-mark sought to be protected." On complying with these requirements, the trade-mark is to remain in force for thirty years from the date of the registration. The bill avers the filing of such declaration. The defendants, in their answer, put in issue this allegation, among others, and require proof of the same. No proof is given that such declaration was filed. A certificate is produced, signed by the commissioner of patents and under the seal of the patent office, setting forth, that "J. Lee Smith & Co.," of New York, (which is a firm composed of the plaintiffs,) did, on the 30th of December, 1870, deposit in the patent office, for registration, "a certain trade-mark for paints, of which a copy is hereto annexed; that they filed therewith the annexed statement, and, having paid into the treasury of the United States the sum of twenty-five dollars, and otherwise complied with the act of congress in such case made and provided, the said trade-mark has been duly registered and recorded in the said patent office, and will remain in.

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission. Cox, Manual Trade-Mark Cas. 225, contains only a partial report.]

[2] [From 3. O. G. 213.]

[2] [From 3. O. G. 213.]

force for thirty years from the 21st day of February, 1871." The statement annexed to the certificate does not contain any such declaration as that referred to. The declaration is required to be "filed." The only thing certified to have been "filed" is the "annexed statement."

It is urged, that the certificate that the parties have "otherwise complied with the act of congress in such case made and provided," and that the trade-mark "will remain in force for thirty years" from the day named, covers the point; and that, in analogy to letters patent for an invention, the certificate is evidence of a compliance with the requisite preliminary steps. But, I do not think this position is a sound one. A patent, being authorized to be granted on evidence on which the commissioner of patents is to decide, the fact that he grants the patent is held to be primâ facie evidence that the proper proofs were laid before him and were satisfactory, he being made, by the statute, the proper judge of the sufficiency and competency of the proofs. Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448, 458; Seymour v. Osborne, 11 Wall. [78 U. S.] 516, 540. But, in respect to a trade-mark, the statute does not authorize the commissioner of patents to issue any letters patent therefor, or to issue any certificate containing a grant thereof. The only certificate he is authorized to issue in reference to the original registration of a trade-mark is that provided for by section 80, which enacts as follows: "The time of the receipt of any trade-mark at the patent office for registration shall be noted and recorded, and copies of the trade-mark, and of the date of the receipt thereof, and of the statement filed therewith, under the seal of the patent office, certified by the commissioner, shall be evidence in any suit in which such trade-mark shall be brought in controversy." A certified copy of the trade-mark, of the date of its receipt, and of the statement filed therewith, (that is, a copy of everything filed and recorded, and of the memorandum of the date of the receipt thereof,) is made evidence. But, such copy is evidence only that what is shown by it to have been filed was filed. It is not evidence that anything required by the statute to be filed, and not shown by the certificate, or by the statement annexed to it, to have been filed, was filed. The certificate of the commissioner, that the parties "otherwise complied" with the act, cannot be substituted for the judgment which a court must pass as to whether there was a declaration filed, and one under oath, and complying, as to its contents, with the statute. The court is to judge, from the "statement," whether the requirement of recording "the class of merchandise and the particular description of goods comprised in such class, by which the trade-mark has been or is intended to be appropriated," was complied with, and whether the requirement of re-

cording a description of the mode in which the trade-mark "has been or is intended to be applied and used," was complied with. So, it is equally for the court to judge whether the requirement as to the filing of the proper declaration was complied with. The general certificate of the commissioner cannot be taken as evidence on the subject.

The certificate, that the trade-mark has been duly registered and recorded in the patent office, and will remain in force for thirty years from the day specified, adds no force to the effect of the certificate. The statute says, that the thirty years shall run from the date of the registration, that the time of the receipt for registration shall be recorded, and that the certificate shall cover a copy of the date of the receipt. The date given in the certificate, as the date from which the thirty years is to run, is to be regarded as intended for the date of registration; and the date previously named in the certificate is the date of the receipt for registration. In this view, the certificate intends to show when the trade-mark will expire; and the certificate that it has been registered and recorded, and will remain in force for thirty years from the day named, is only equivalent to saying that such day is to be taken as the date of the registration. The date given in the certificate as the date of deposit for registration is not regarded by the certificate as the date of registration and recording.

On these grounds alone, the motion for an injunction, now made, must be denied, without considering any of the other points raised.

[NOTE. Full proofs were taken for final hearing, and a motion made for an injunction to restrain the use by defendants of plaintiffs' trade-mark. The motion was denied. Case No. 13,093. The cause then came on for final hearing, when the bill was dismissed. Id. 13,099.]